```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION

ANDY EDWARD MINOR                                    PETITIONER

VS.                          CIVIL ACTION NO: 5:14-cv-32-DCB-MTP

JOHNNY DENMARK                                       RESPONDENT
```

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of August 4, 2014 **[docket entry no. 14]**. Therein, Judge Parker recommends that the respondent's Motion to Dismiss **[docket entry no. 10]** be granted and that this action be dismissed with prejudice. Having reviewed the Report and Recommendation, the petitioner's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

Petitioner Andy Edward Minor is currently in the custody of the Mississippi Department of Corrections, serving sentences for "shooting into a dwelling, aggravated assault, and possession of a weapon by a convicted felon." Report & Recommendation p. 1. Minor filed his petition for writ of habeas corpus on April 10, 2014. See Report & Recommendation p. 2 n.2. In it, he raises five grounds warranting relief: (1) ineffective assistance of counsel, (2) his indictment was not a true bill of indictment, (3) his indictment was signed by an assistant district attorney without jurisdiction

1

in Jefferson County, (4) his conviction for possession of a firearm by a convicted felon was plain error, and (5) a Brady violation by Mississippi. Pet. p. 5-14, ECF No. 1. Respondent, Johnny Denmark, argues in his motion to dismiss that Minor has filed his petition outside the statute of limitations. Mot. Dismiss p. 4-5, ECF No. 10.

To be timely, Minor's petition must be filed within one year of the judgment against him becoming final. 28 U.S.C. § 2244(d)(1) Finality comes "by the conclusion of direct review or the expiration of the time for seeking such review." Id., at § 2244(d)(1)(A). Further, the pendency of "a properly filed application for State post-conviction or other collateral review" tolls the statute of limitations. Id., at § 2244(d)(2). Judge Parker found that Minor's judgment became final on June 21, 2012, and Minor's motion for post-conviction relief tolled the expiration of the statute of limitations from June 21, 2013 until October 4, 2014. Report & Recommendation p. 3. Judge Parker further found that equitable tolling was unavailable because Minor had not demonstrated the "rare and exceptional circumstances" required By Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Report & Recommendation p. 4-5.

Minor timely filed his Objections to the Report and Recommendation. See Objection Report & Recommendation ("Objection"), ECF No. 15. And pursuant to Uniform Local Civil Rule

72(a)(3), Denmark informed the Court that he would not respond to Minor's objections. <u>See</u> Notice, ECF No. 16. Minor raises three objections: (1) that the one year period did not begin to run until June 27, 2013, the date his motion for post-conviction relief was denied, (2) that Judge Parker ignored his argument that Minor's attorney "abandoned" his case without informing Minor, and (3) that he is entitled to have the statute of limitations equitably tolled for five months. Objection p. 2-4.

"[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." <u>Battle v. U.S. Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987) (quoting <u>Nettles v. Wainwright</u>, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). The Court finds that Minor's second objection is frivolous because Judge Parker discussed in his Report and Recommendation Minor's claim for abandonment by counsel. <u>See</u> Report & Recommendation p. 4-5. But the remaining two objections merit a <u>de novo</u> determination by this Court. <u>See</u> 28 U.S.C. § 636(b)(1) (2009).

In his first objection, Minor argues that the Supreme Court has interpreted pending to mean "until the completion of the collateral review process" so that the one year period would not begin to run until any collateral review was exhausted. Objections p. 2 (citing <u>Carey v. Saffold</u>, 536 U.S. 214, 215 (2002)). Minor, however, misreads the case he cites. <u>Saffold</u> holds that pending

3

includes "the time between a lower state court's decision and the filing of a notice of appeal to a higher state court," but not that the one year period begins any later than when a state conviction becomes final. Saffold, 536 U.S. at 216-17. Therefore, this objection is overruled.

In his third objection, Minor argues that because his attorney "abandoned" his case without informing Minor, he meets the exceptional circumstance standard for equitable tolling from Davis v. Johnson. "[E]quitable tolling 'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Further, "excusable neglect does not support equitable tolling." Id., at 513-14. Whether equitable tolling applies is a fact-specific determination that must be made on a case by case basis. Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). Judge Parker found and Minor admits in his Objections that Minor delayed fifty days between the date he discovered that his attorney had "abandoned" his case and the filing of another motion for post-conviction relief. See Report & Recommendation p. 5; Objection p. 5. Judge Parker also found, however, that Minor did "not explain how or why he was not able to thereafter diligently file his federal habeas petition in a timely manner." Report & Recommendation p. 5. Minor does not argue this point in his

objection or his response to the motion to dismiss. Based on these facts, the Court finds that Minor has not demonstrated an exceptional circumstance to justify equitable tolling.

Having conducted a <u>de novo</u> review of the portions of the Report and Recommendation objected to, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation is hereby ADOPTED.

FURTHER ORDERED that the Petitioner's Objections to the Magistrate Judge's Report and Recommendation are OVERRULED.

FURTHER ORDERED that the Respondent's Motion to Dismiss is GRANTED.

A final judgment dismissing the Petition in accordance with Federal Rule of Civil Procedure 58 will follow.

SO ORDERED, this the 23rd day of October 2014.

                                                 <u>/s/ David Bramlette</u>
                                                 UNITED STATES DISTRICT JUDGE